LEWIS B. HORNE *v.* CHARLLS BELCHER and CHAS. BELCHER & BROTHER.

The makers of a note caused it to be sequestered, and prayed for its restitution, &c., on the ground of error and fraud. The sequestration was afterward set aside, and a judgment on the note obtained against them. Pending this litigation, the makers of the note became insolvent, and after execution against them returned *nulla bona*, this suit against the sureties on the sequestration bond was brought. *Held:* Plaintiff could not have maintained an action on the note pending the litigation for its restitution, the sequestration being merely a conservatory act.

The sequestration had the effect not only of suspending the payment of the note, but of placing it beyond the reach of commerce.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *H. D. Ogden*, for plaintiff. *Wolfe & Singleton*, for defendants and appellants.

VOORHIES, J. This is an action against the sureties on a sequestration bond.

On the 22d of October, 1851, *Witter & Brother*, commercial partners, made their promissory note for the sum of $1,500 in favor of the plaintiff, payable thirty days after date, the consideration of which purported to have grown out of certain transactions which had taken place between the parties through the agency of one *S. B. Conrey*, a bill broker. That note was extinguished at maturity by the payment of $1,000, and a new note given by *Witter & Brother* for the sum of $510, payable thirty days after date. *Witter & Brother* afterwards brought suit against the plaintiff for the restitution of the note and money thus given in payment by them, on the ground of error and fraud. The note was sequestered, and the bond given therefor forms the subject of the present suit. The result of that suit being favorable to the plaintiff, he thereupon brought suit upon the note against *Witter & Brother*, and recovered

---

* In *Conerey* v. the same defendants, and *Chateau, Harrison & Vallé* v. same, similar judgments were rendered for like reasons.

judgment against them for the amount thereof. A writ of *fieri facias* was issued on said judgment and returned *nulla bona*. The plaintiff alleges that *Witter & Brother* caused the note to be sequestered on the eve of its maturity, for the purpose of preventing its collection; that they took an appeal from a judgment setting aside the sequestration on the 23d of February, 1852, which judgment was affirmed on the 17th of May following; that they were solvent at the date of the sequestration; that he could have collected said note had he not been prevented from doing so by the sequestration; and that in the meantime they fraudulently conveyed away all their property, and became insolvent, whereby he lost his debt. He therefore prays that the defendants be de creed to pay him *in solido* the amount of said note, interest, and the costs incurred in the suit thereon against *Witter & Brother*, and also the sum of $100 expended by him for counsel fees in the defence of the sequestration suit.

The defendants, after a vain attempt to obtain a new trial, took the present appeal from a judgment rendered against them on the verdict of a jury in favor of the plaintiff, for the sum of $800.

It is urged by them, that the sequestration did not have the effect of suspending the plaintiffs' right of action on the note against *Witter & Brother;* that the note was in the hands of the Sheriff, and he could, at any time, have obtained a sufficient description of it in order to sue them. We think it is clear, that the plaintiff could not maintain an action on the note pending the litigation for its restitution, the sequestration being merely a conservatory act. The object of the writ of sequestration, it is said by the appellants, was to prevent the payee from disposing of the note to some innocent third person, thereby depriving the makers of their legal defence to it. This may be conceded as true, but the result of that suit shows that there was no legal foundation for it; and it is of the injury flowing from this, that the plaintiff complains. The other position assumed by the appellants, that the plaintiff cannot recover, as he could have obtained, without delay, in reconvention, a judgment on the note against the makers, by praying for it in his answer to the sequestration suit, appears to us to be equally untenable. The sequestration had the effect not only of suspending the payment of the note, but of placing it beyond the reach of commerce. Had not this been done, we think it may not be considered improbable, from the usual punctuality prevailing in regard to negotiable paper among commercial houses, that the plaintiff would have realized the amount of his note at its maturity.

On the merits, we have carefully examined the evidence, and are not prepared to say that the verdict of the jury has not done justice between the parties.

It is therefore ordered and decreed, that the judgment of the court below be affirmed, with costs.